**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

BRITTANY DAWN HUGHEART-AGUILAR, on behalf of herself and those similarly situated,

Plaintiff,

v.

WESTERN GOVERNORS UNIVERSITY,

Defendant.

Case No. 1:26-CV-01806-KES-EPG

**JOINT MOTION TO EXTEND DEFENDANT'S TIME TO RESPOND TO COMPLAINT AND CONTINUE CASE MANAGEMENT CONFERENCE**

| | |
|---|---|
| Date Action Filed: | 3/5/2026 |
| Service Waived: | 3/27/2026 |
| Current Response Date: | 7/21/2026 |
| New Response Date: | 8/18/2026 |

Pursuant to Local Rule 144, Defendant Western Governors University ("Defendant"), for itself and on behalf of and with the permission of Plaintiff Brittany Dawn Hugheart-Aguilar (individually, "Plaintiff" and together with Defendant, collectively, the "Parties") hereby jointly move to extend Defendant's responsive pleading deadline for a period of 28 days, specifically **to and including August 18, 2026** and to continue the Case Management Conference currently scheduled for July 28, 2026, and in support thereof, state as follows:

1. This is Defendant's third request for an extension in this matter.

2. On March 5, 2026, Plaintiff filed her putative class action complaint in

the above-captioned matter, which purports to bring claims against Defendant pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. and class treatment. *See* Dkt. 1 ("Complaint").

3. Defendant waived service on March 27, 2026, which made May 26, 2026 its *initial* deadline to answer, move, or otherwise respond to Plaintiff's Complaint.

4. On May 19, 2026, the Parties stipulated to extend Defendant's deadline to respond to the Complaint by not more than 28 days per Local Rule 144(a), making June 23, 2026 Defendant's new deadline. *See* Dkt. 5.

5. On June 18, 2026, the Parties stipulated to extend Defendant's deadline to respond to the Complaint to July 21, 2026 to allow the parties additional time to engage in extra-judicial resolution discussions, which the Court granted. *See* Dkt. 11.

6. Since the filing of the Parties' second stipulation, the Parties have continued to engage in productive discussions regarding a possible extra-judicial resolution. However, the Parties require additional time to complete these discussions due to competing travel schedules and professional commitments in other matters.

7. Accordingly, Defendant had requested, and Plaintiff has agreed to, a modest extension of 28 days to answer, move or otherwise respond to the Complaint.

8. Per the Parties' agreement, Defendant's new deadline to answer, move, or otherwise respond to the Complaint would be **August 18, 2026**.

9. The Parties also jointly seek to continue the Case Management Conference currently scheduled to take place on July 28, 2026 because the Parties agree that it would conserve the Court's and Parties' resources to conduct the Case Management Conference and any discovery after issue has been joined.

10. Good cause exists for the requested extension because the Parties continue to discuss private resolution and believe that the additional time will be productive.

11. Entry of the continuance will not affect any deadlines in the case other than the Parties' deadline to hold the Rule 26(f) conference and submit their discovery plan.

12. The foregoing request is not made for the purpose of delay, and is made in good faith and for the purposes of efficiency and judicial and party economy. Further, since this matter is still in its early stages and the Parties are in agreement, the continuance will not result in any prejudice to anyone or impact the timely resolution of this case.

13. Therefore, the Parties respectfully stipulate and request that the Court extend the deadline for Defendant to answer, move, or otherwise respond to the Complaint to **August 18, 2026** and continue the Case Management Conference until after issue has been joined. The Parties' joint case management statement shall be due one week in advance of the Case Management Conference scheduled by the Court.

14. In requesting this extension and by this Motion, Defendant does not waive and expressly reserves the right to assert any and all defenses to the underlying action, including, but not limited to, any defenses Defendant could raise pursuant to Federal Rules of Civil Procedure 12(b), including any jurisdictional defenses, standing, or any arbitral rights (including the right to move to compel arbitration pursuant to any applicable arbitration agreement, which is to be determined).

Respectfully Submitted,

Dated: July 16, 2026 MANATT, PHELPS & PHILLIPS, LLP

By: /s/ John W. McGuinness
John W. McGuinness
*Counsel for Defendant*

Dated: July 16, 2026 KAZEROUNI LAW GROUP, APC

By: /s/ Gustavo Ponce (with permission)
Gustavo Ponce, Esq.
*Counsel for Plaintiff*

ORDER

**PURSUANT TO THE PARTIES JOINT MOTION, THE COURT ORDERS AS FOLLOWS:**

Defendant's deadline to answer, move or otherwise respond to the Complaint is extended to and including August 18, 2026. The case management conference currently scheduled for July 28, 2026, is continued to August 31, 2026 at 10:00 a.m. Parties shall file a joint status report no later than seven days prior to the conference.

IT IS SO ORDERED.

Dated: **July 16, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE